UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION

IN RE:

TRITON ENTERPRISES, INC.

DEBTOR                                              CASE NO. 05-71583

**MEMORANDUM OPINION**

Two creditors of the Debtor have objected to the Trustee's Second Application for Compensation and Reimbursement for Expenses ("the Second Application") on behalf of her counsel, John O. Morgan, Jr. ("Morgan")  The Second Application seeks compensation and reimbursement for work performed in the main case and adversary proceedings, as well as in fee application preparation, for the period from May 4, 2007 through December 28, 2007.  The amounts sought are $25,052.66 in fees and $517.14 in expenses.

The creditors, Chuck Cornett and Billy Logan (collectively "the Objecting Creditors"), filed their Objection to Application for Allowance of Compensation and Reimbursement of Expenses ("the Objection") on January 30, 2008, and Morgan filed a Response to Objection ("the Response") on February 11, 2008.  The matter was heard on February 13, 2008 and taken under consideration for decision.  For the reasons set out below, the court will overrule the Objection.

1. Factual background

The Objection is in regard to Morgan's firm's work on two adversary proceedings commenced by the Trustee, Adv. Nos. 07-7013 and 07-7014.  Adv. No. 07-7013 alleged fraudulent transfer claims against the Debtor's owner and president, Randy Hammonds and his wife, April

Hammonds.  The Trustee obtained a default judgment against Randy and April Hammonds on August 6, 2007; they then filed a Chapter 13 bankruptcy, Case No. 07-70551, on November 27, 2007.  The Trustee filed an objection to confirmation in that case, and the matter was heard and continued on February 13, 2008.

Adv. No. 07-7014 alleged fraudulent transfer claims against Randy Hammonds and Cotton Coal Company, Inc. ("Cotton Coal") for transfer of the Debtor's mining permit to Cotton Coal; breach of fiduciary duty by Randy Hammonds to the Debtor and its creditors; aiding and abetting of the breach of fiduciary duty by Randy Cook, Mike Cook and Mark Craft; negligence against Randy Hammonds in transferring the Debtor's assets; and fraudulent transfer claims against Mike Cook, Randy Cook, KWVA Energy, Inc., M & R Trucking, Inc. and RAM Trucking Company ("the Cook Defendants") for coal hauling and rental equipment.

In the course of discovery, the Trustee reviewed, among other things, pleadings, documents, and evidence from Letcher Circuit Court Civil Action No. 04-CI-507 ("the Circuit Court Action") which had been filed on December 30, 2004, and which involved many of the same parties in Adv. No. 07-7014, as well as similar causes of action.  The Objecting Creditors are the plaintiffs in the Circuit Court Action which was based on a so-called "profit split agreement" between themselves and Randy Hammonds.  This agreement provided that Randy Hammonds and the Objecting Creditors would equally share all profits from the sale of coal which was being mined by the Debtor at a certain site.

Among the documents the Trustee reviewed were copies of the "profit split agreement," and copies of Objecting Creditor Cornett's

and Objecting Creditor Logan's executed checks made payable to the Debtor in the amounts of $9,500.00 and $10,000.00, respectively. According to the Trustee, these are the only amounts the Objecting Creditors actually paid to the Debtor.  The Trustee eventually reached a settlement with the Cook Defendants and with Mark Craft and Cotton Coal.  The Trustee will seek the court's approval of the compromise in the amount of $30,000.00.

2.  Discussion

The compensation of professionals is governed by Bankruptcy Code section 330, which provides at subsection (a)(1) for "reasonable compensation for actual, necessary services[.]"  11 U.S.C. § 330(a)(1).  Section 330(a)(3) and (4) also provide guidelines for the court:

> In determining the amount of reasonable compensation to be awarded . . ., the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including--
> (A) the time spent on such services;
> (B) the rates charged for such services;
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and
> . . . .
> (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.
> (4)(A) Except as provided in subparagraph (B), the court shall not allow compensation for--
>   (i) unnecessary duplication of services; or
>   (ii)services that were not--
>       (I) reasonably likely to benefit the debtor's estate; or
>       (II)necessary to the administration of the case.

11 U.S.C. §§ 330(a)(3)and (4).

Allowance of administrative expenses, including compensation for professional services, is determined pursuant to Bankruptcy Code section 503(b), which provides in pertinent part as follows:

> (b) After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including--
> . . . .
> (4) reasonable compensation for professional services rendered by an attorney or an accountant of an entity whose expense is allowable under subparagraph (A), (B), (C), (D) or (E) of paragraph (3) of this subsection, based on the time, the nature, the extent, and the value of such services, and the cost of comparable services other than in a case under this title, and reimbursement for actual, necessary expenses incurred by such attorney or accountant;

11 U.S.C. § 503(b)(4).

The Objecting Creditors state that they do not take issue with rates charged or time spent, or with the costs incurred. The objections they raise specifically concern the necessity and benefit of the work performed, the complexity of the case, the results obtained, and the appropriateness of the award sought. As to whether the attorney work performed was necessary and beneficial, the Objecting Creditors contend that review of business documents should have been performed by a paralegal and charged at paralegal rates. They further contend that "all routine tasks which a paralegal provides were instead handled by an attorney." Objection, p. 4.

The Objecting Creditors cite specific entries in the Second Application which they say demonstrate tasks that should have been performed by a paralegal. These appear to involve review and analysis of documents, reports, and records for the purpose of preparing a settlement demand. The Objecting Creditors do not elaborate on the reason these tasks did not merit the attention and efforts of an

attorney. As Morgan points out in his Response, the attorney performing the work did not simply collate copies and reduce documents to simple summaries. Settlement negotiations obviously require analysis of facts in the context of applicable law. The Objecting Creditors have not provided any convincing reason why these tasks should have been assigned to a paralegal.

The Objecting Creditors contend that attorneys for the defendants in Adv. No. 07-7014 should have prepared any settlement documents, rather than the Trustee's counsel performing such work. The court finds this a novel, but ineffective, argument, and declines to consider it. Counsel for bankruptcy trustees routinely prepare agreed orders, motions to compromise, and other like pleadings in matters they have settled. The Objecting Creditors also state that they instructed their counsel to cooperate with the Trustee in the prosecution of the adversary proceedings, including providing state court filings and business records of the Debtor, as well as analyses and spreadsheets. They imply, rather than state, that the Trustee's counsel did not take advantage of opportunities to avoid duplication of legal fees.

Finally, the Objecting Creditors argue that there has been little complexity or difficulty involved in the adversary proceedings, that the settlement in Adv. No. 07-7014 is unsatisfactory in view of the Second Application ($30,000 settlement vs. $25,000+ fee sought), and that the total fee request is inappropriate in that, according to them, the Trustee's counsel seeks 64% of the entire cash on hand of the estate, and 150% of the cash settlement. They cite *Matter of Taxman Clothing Co.*, 49 F.3d 310 (7th Cir. 1995) as a case in which

the court rejected an attorney fee request which exceeded the result achieved.  In *Taxman*, the attorney for the trustee pursued certain preference claims well past the point where it became obvious that any results achieved would not justify further litigation.  *Id.*  This is not the case here.

Further, courts have recognized that Bankruptcy Code section 330 does not require that services result in a material benefit to the estate in order for professionals to be compensated.  The applicant must demonstrate only that the services provided were reasonably likely to benefit the estate at the time the services were rendered.  *See In re Vu*, 366 B.R. 511 (D. Md. 2007), in which the court stated:

> This construction is consistent with the plain and ordinary meaning of the language of § 330(a)(3)(C) requiring analysis of the benefit conferred by the services 'at the time at which the service was rendered' and with the language of § 330(a)(4) barring an award of fees if the services were not 'reasonably likely to benefit the debtor's estate.' This language unambiguously requires consideration of whether, at the time the services were rendered, a reasonable attorney would have believed that they would benefit the estate, rather than a subsequent consideration of the practical effects actually achieved by an attorney's services.

*Id.* at 517.  The Objecting Creditors want this court to engage in a "subsequent consideration of the practical effects actually achieved" in Adv. No. 07-7014.  Consistent with the reasoning set out by the court in *Vu*, this court will not do so, and finds that the services of the Trustee's counsel were reasonably likely to benefit the estate at the time they were provided.

In view of all of the foregoing, it is the opinion of this court that the Objection to Application for Allowance of Compensation and Reimbursement of Expenses should be overruled and that the Trustee's

counsel should be awarded fees in the amount of $25,044.41 (incorporating an adjustment of paralegal billing from $100 per hour to $85.00 per hour for 5.5 hours), and expenses in the amount of $517.14.  An order in conformity with this opinion will be entered separately.

Copies to:

John O. Morgan, Jr., Esq.
Calvin R. Tackett, Esq.

7

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



**Signed By:**
<u>*William S. Howard*</u>
**Bankruptcy Judge**
**Dated: Monday, March 03, 2008**
**(wsh)**